IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DALE CISNEROS,**

        **Plaintiff,**

v.                                        Civ. No. 05-1065 JH/WDS

**JOE CISNEROS, et al.,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

The subjects of this Order are *Gabriel and Roxanne Cisneros' Motion to Reconsider* [Doc. No. 127] and Plaintiff's *Motion to Reconsider Granting of Summary Judgment* [Doc. Nos. 131 and 137], as well as the parties' *Stipulated Motion to Vacate Trial Pending Appeal* [Doc. No. 130] and *Plaintiff's Motion Request for Entry of Judgment* [Doc. No. 135]. Both motions to reconsider are without merit and will be denied. However, the Court will grant Plaintiff's motion for a Rule 54(b) determination, and therefore will grant the motion to vacate the upcoming trial pending completion of the appeal.

The Cisneros Defendants ask this Court to reconsider its Memorandum Opinion and Order [Doc. No. 107] denying their motion to dismiss for failure to state a claim. They argue that, in light of the Court's subsequent decision granting summary judgment to the School Defendants on Plaintiff's § 1983 claims [Doc. No. 125], the Court should now alter its previous ruling and dismiss Plaintiff's § 1983 claims against the Cisneros Defendants as well. The Cisneros Defendants do not point to an intervening change in the controlling law or any clear error in the Court's application of the law to the allegations in the complaint, and therefore the Court will not reconsider its analysis

under Rule 59(e). The Cisneros Defendants also request, in the alternative, for relief from the "judgment" under Rule 60(b)(6). However, as explained below, this request for relief is premature and may be rendered moot by the Court's decision on Plaintiff's Rule 54(b) motion to enter final judgment on Plaintiff's claims against Jimmy Ortega and the School Defendants because there will be no need to consider the effect of those rulings on Plaintiff's remaining claims until the rulings have been reviewed by the Tenth Circuit Court of Appeals.

     Plaintiff asks the Court to reconsider its Memorandum Opinion and Order granting summary judgment to Defendant Jimmy Ortega [Doc. No. 108]. Specifically, Plaintiff contends that the Court should have considered the Affidavit of Leonora Arellano, which Plaintiff attached to his response to the summary judgment motion. The Court declined to consider the affidavit because it was neither notarized nor sworn under penalty of perjury. Plaintiff contends that he does not know why his counsel was not aware of the problem with the affidavit prior to the Court's decision. That statement ignores the fact that in his reply brief in support of his motion for summary judgment, Defendant Jimmy Ortega specifically pointed out this deficiency in the affidavit. Despite that, Plaintiff never supplemented the record with a corrected affidavit, nor did Plaintiff alert the Court to the fact that a correct version of the affidavit was attached to another brief.

     Thus, the Court will deny the Plaintiff's motion to reconsider for two reasons. First, Plaintiff never acted to remedy the flaws in the Affidavit of Leonora Arellano, despite the fact that Jimmy Ortega explicitly raised the issue in his reply. Second, even if the Court had considered the affidavit, the ruling would have remained the same. The affidavit does not create a genuine issue of material fact on any of Plaintiff's claims against Jimmy Ortega. It contains only a statement of opinion by Jimmy Ortega that "he felt [Plaintiff] did not treat fairly and was psychologically abusing his son,"

2

and Jimmy Ortega's request that the affiant attend two meetings, one at the home of Gabriel Cisneros and a school board meeting. A statement of opinion (as opposed to a statement of fact) is not defamatory, nor is there any evidence in the record that Ms. Arellano believed the statement. Thus, this bare affidavit does not create a triable issue on defamation. Further, the affidavit is not sufficient to create a fact issue on conspiracy, tortious interference with contract, intentional infliction of emotional distress, or prima facie tort, for the same reasons discussed in the Court's previous Memorandum Opinion and Order [Doc. No. 108]. Therefore, Plaintiff's motion to reconsider will be denied.

Next, Plaintiff and Defendants Gabriel and Roxanne Cisneros jointly move this Court to vacate the current trial setting.[1] As grounds for this motion, the parties contend that the Plaintiff intends to appeal the Court's Memorandum Opinions and Orders granting summary judgment in favor of Defendant Jimmy Cisneros and in favor of the School Defendants [Doc. Nos. 108 and 125]. The joint motion implies that the case should be stayed pending the Tenth Circuit's review of the Court's decisions. However, at the present time neither order is an appealable final order under 28 U.S.C. § 1291, and the motion makes no request that the Court certify its orders for interlocutory appeal under 28 U.S.C. § 1292 or that the Court enter a Rule 54(b) final judgment as to these claims. However, in his *Request for Entry of Judgment*[2], Plaintiff does request that the Court make an express determination under Rule 54(b) that there is no just reason to delay entry of final judgment

---

[1] The case is on a February 20, 2007 trailing calendar, with the trial before visiting District Judge Lyle Strom to begin February 26, 2007.

[2] Initially, Plaintiff improperly combined this motion with its responses to two motions by Defendants. The Court admonishes Plaintiff that this is improper, and in the future Plaintiff must file his motions separately from his responses to other motions.

3

on the Plaintiff's claims against Jimmy Ortega and the School Defendants.

After reviewing the Plaintiff's request under Rule 54(b), the Court finds that it should be granted. The claims against Jimmy Ortega and the School Defendants, for which the Court has entered summary judgment, are closely connected with the remaining claims against the Cisneros Defendants. First, the facts underpinning both the civil rights claims and the state tort claims are closely connected, and the evidence to both support and refute those claims will overlap significantly for the School Defendants, the Cisneros Defendants, and for Jimmy Ortega. Second, the remaining claims against the Cisneros Defendants are closely related procedurally to the claims against the School Defendants and Jimmy Ortega (for which the Court has granted summary judgment). For example, under the current posture of the case, Plaintiff's 42 U.S.C. § 1983 civil rights claims against the Cisneros Defendants effectively have been rendered moot by the Court's Memorandum Opinion and Order granting summary judgment in favor of the School Defendants, leaving only the pendent state tort claims by Plaintiff against the Cisneros Defendants. The Court has the option to try those state tort claims now, or to remand them to state district court for trial in that forum. However, if the Tenth Circuit Court of Appeals reverses this Court's ruling on the School Defendants' motion for summary judgment on the Section 1983 claims and remands them to this Court for trial, Plaintiff's Section 1983 claims against the Cisneros Defendants will no longer be precluded and must be tried in this court. In the event that the Tenth Circuit reverses this Court's grant of summary judgment on any of the state tort claims, it will remand those claims for trial as well. That would result in two separate trials: one on Plaintiff's state tort claims against the Cisneros Defendants now, and a trial of the Section 1983 claims against all defendants, along with any remanded state tort claims against the School Defendants or Jimmy Ortega, at a later date. That makes little sense from the perspective

of judicial economy, because there will be significant overlap in the evidence presented at both trials. By staying the case at this juncture, the Court will avert the possibility of multiple trials on closely related claims and facts, thereby avoiding inconsistent results, promoting the efficient use of judicial resources, and preventing unwarranted expense to the parties. Thus, the Court concludes that there is no just reason for delay in entry of final judgment on Plaintiff's claims against the School Defendants and Jimmy Ortega.

In addition to finding there is no just reason for delay, the Court must also find that the judgment is "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *See Curtiss-Wright Corp. v. General Elect. Co.*, 446 U.S. 1, 7 (1980). *See also McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1998). In making this determination under Rule 54(b), the Court must look to whether the claims under review are separable from those remaining to be adjudicated, as Rule 54(b)'s finality requirement is only satisfied if "the claims resolved are distinct and separable from the claims left unresolved." *Old Republic Ins. Co. v. Durango Air Svc., Inc.*, 283 F.3d 1222, 1225 (10th Cir. 2002) (quoting *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001)). The Court concludes that the claims are distinct and separable, and therefore this requirement is satisfied as well.

Accordingly, contemporaneously with this Memorandum Opinion and Order, and in accordance with Rule 54(b), the Court will direct entry of a final judgment on Plaintiff's claims against the School Defendants and Jimmy Ortega. Furthermore, the Court will vacate the February 26, 2007 trial date pending consideration of Plaintiff's appeals of its rulings on summary judgment motions.

In light of the foregoing, **IT IS THEREFORE ORDERED** that:

(1)     *Gabriel and Roxanne Cisneros' Motion to Reconsider* [Doc. No. 127] is **DENIED**;

(2)     Plaintiff's *Motion to Reconsider Granting of Summary Judgment* [Doc. Nos. 131 and 137] is **DENIED**;

(3)     the parties' *Stipulated Motion to Vacate Trial Pending Appeal* [Doc. No. 130] is **GRANTED**, and the February 26, 2007 trial is **VACATED**; and

(4)     *Plaintiff's Motion Request for Entry of Judgment* [Doc. No. 135] is **GRANTED**.

*[signature]*
**UNITED STATES DISTRICT JUDGE**